UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-00969-CJC (SK) | Date | April 30, 2018 |
|---|---|---|---|
| Title | Homer Lewis v. Abdul-Wahab, et al. | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: ADMINISTRATIVE EXHAUSTION**

Plaintiff, an inmate at the California State Prison in Lancaster County, filed a civil rights complaint in the Superior Court of Los Angeles raising three federal claims and three state law claims arising out of allegations that prison officials threatened plaintiff and improperly denied him access to a kosher meal plan. (Compl., ECF No. 2). Defendants removed the complaint to this Court, which is required to review the complaint and dismiss any portions of the complaint that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). From the Court's review, it appears that Plaintiff did not exhaust his available administrative remedies before filing the Complaint.

The Prison Litigation Reform Act ("PLRA") of 1995 requires that a state prisoner seeking relief in federal court for alleged civil rights violations exhaust all available prison administrative remedies before filing a federal lawsuit. *See* 42 U.S.C. § 1997e(a). In California, an inmate must complete three levels of formal review to exhaust a complaint. *See* 15 Cal. Code Reg. § 3084.7 (2011). An appeal is not deemed exhausted until a prisoner has completed the third level of review. *See id.* § 3084.1(b).

Here, all six of Plaintiff's claims arise out of the same issues–that prison officials improperly denied Plaintiff access to kosher meals and threatened him. Plaintiff attaches an exhibit indicating that he made an initial administrative appeal related to these issues, but the outcome of that appeal is unclear and, assuming it was denied, Plaintiff presents no evidence that he appealed that denial to the second or third level of review, as required.

Therefore, Plaintiff is ORDERED TO SHOW CAUSE on or before **June 1, 2018,** why the complaint should not be dismissed for failure to exhaust administrative remedies.

**Plaintiff is advised that failure to file a timely response to this Order to Show Cause may result in dismissal of this action for failure to prosecute. <u>See</u> Fed. R. Civ. P 41(b); L.R. 41-1.**